## McCORMICK v McCORMICK

Ohio Appeals, 2nd Dist, Franklin Co
No. 1915. Decided June 8, 1931

Cowan, Adams & Adams, Columbus, for Emma McCormick.

Mooney, Bibbee & Edmonds, Columbus, for W. F. McCormick.

LEVINE, J, (8th Dist) sitting in place of KUNKLE, J.

**ALLREAD, J.**

A number of questions have been presented by counsel. It is claimed among other things that the assignment of vested dower is entirely different from the setting aside of the deed as to inchoate dower. We reach the conclusion, however, that the husband having died during the pendency of the case in the court below and a petition having been presented to the Court of Common Pleas for the assignment of vested dower, that the refusal of the Court of Common Pleas to hear the petition to be filed is in substance and effect a passing upon the vested dower question, so that the appeal to this court brings up not only the equitable issue as to the setting aside of the deed but also the question of the case stated in the amended and supplemental petition filed in the court below.

There is no specific claim by counsel that a claim for the assignment of vested dower is not appealable. We have considered this question so far as it may affect the right to the assignment of dower in this court. We find that under the original constitution it was decided that a case for the assignment of dower was appealable as a non-jury case. **Corry v Lamb, 43 Oh St 390.**

It has been decided under the present constitution that a partition case is a chancery case and therefore appealable. We think that a dower case is of similar origin and is also appealable. We are reenforced in that opinion by a decision of the Court of Appeals of the 9th District, **Richards v Schueler, 1st Ohio Law Abstract 107** to the effect that a case for the assignment of dower is a chancery case and appealable. We are also reenforced by the text in 14th Ohio Jurisprudence, page 152.

The inference which arises as to the appealability of a dower case must be resolved in favor of the right of this court to act in the present case. It is urged that the original action being brought to set aside the deed as to her inchoate dower is entirely different from the right of the court to assign vested dower. We have already referred to the proceedings in the court below and the appeal. We think there is no such difference between a right of action to set aside a deed in favor of the owner of an inchoate dower and the right of action to assign vested dower, especially where the husband dies during the pendency of the suit in the Court of Common Pleas and where the Court of Common Pleas has before it a supplemental petition for the assignment of vested dower. The difference between the inchoate dower and vested dower has been stated in some of the older cases as the ripening of the inchoate into the vested dower. We think this is a clear statement of the case. The inchoate dower by the death of the husband becomes ripened into the vested dower. We think there is no doubt of this proposition. This court will be at least presumed to have passed upon this question when it permitted the supplemental petition to be filed in this case and also passed upon it when it overruled the demurrer. We therefore hold that under the legal evidence in this case that the plaintiff is entitled to an assignment of dower and the same will be ordered. That question, as to the assignment of dower in real estate disposed of before the suit was brought, may come up after the report of the appraisers is made. If counsel can agree upon the appointment of commissioners the same will be made, otherwise this court will name the commission and order their return within a reasonable time.

Judgment for the plaintiff.

HORNBECK and LEVINE, JJ, concur.